# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
February 19, 2014 Session

## LATAYNIA JONES v. SHARP ELECTRONICS CORPORATION

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005723-10      John R. McCarroll, Jr., Judge**

_____

**No. W2013-01817-COA-R3-CV - Filed February 28, 2014**

_____

Plaintiff filed an action alleging retaliation and interference in violation of the Tennessee Disabilities Act. The trial court entered summary judgment in favor of Defendant Employer on the basis that the Act does not require employers to make "reasonable accommodations,"as were required by Plaintiff at the time she was discharged. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Travis Edgar Davison, III, Memphis, Tennessee, for the Appellant, Lataynia Jones.

Charles W. Cavagnaro, Jr., Memphis, Tennessee, for the Appellee, Sharp Electronics Corporation.

## OPINION

This appeal arises from an action for damages pursuant to the Tennessee Disability Act ("the TDA").[1] Plaintiff Lataynia Jones (Ms. Jones) was an employee of Defendant Sharp Electronics Corporation ("Sharp") from 1996 until terminated on November 24, 2009. While employed at Sharp, she was a member of the International Brotherhood of Electrical Workers, AFL-CIO, Local 474, and was covered under a collective bargaining agreement ("CBA"). The CBA granted covered employees maximum leave of 140 days, including 56 days of leave in addition to 12 weeks of leave mandated by the Family and Medical Leave Act ("FMLA"). Sharp calculated FMLA leave time on a rolling 12-month basis backward

_____

[1]Formerly titled the Tennessee Handicapped Act. See 2008 Tenn. Pub. Acts., ch. 706, § 5.

from the date an employee received leave. Ms. Jones requested and was granted leave under the FMLA for varied reasons on multiple occasions beginning September 2003.

Ms. Jones took leave under the FMLA from October 17 to October 27, 2008; October 31, 2008; November 4 to November 16, 2008; November 24, 2008 to January 19, 2009 (12 days of which were counted as leave under the CBA). On September 23, 2009, Ms. Jones requested additional leave under the FMLA. In her application for leave, Ms. Jones recited "Depression" as the reason for leave. On September 25, 2009, Sharp approved Ms. Jones' request for FMLA leave from September 20, 2009 through October 19, 2009, inclusive. On October 12, 2009, Sharp advised Ms. Jones in writing that leave had been approved to end on October 19; that leave under the FMLA would be exhausted as of October 5; that she had used 26 days of CBA leave; and that she had a total of 30 days of remaining leave. Sharp advised Ms. Jones that she would be expected to return to work and perform her regular job on October 20, 2009. Sharp further advised Ms. Jones that further leave would be at its discretion. On October 13, 2009, Ms. Jones' physician advised Sharp that Ms. Jones was being treated by the Memphis Psychiatric Group and that it "[would] be beneficial for Ms. Jones to be excused from work October 13, 2009 thru November 13, 2009." By letter dated October 19, 2009, Sharp informed Ms. Jones that leave ending November 13 had been approved pursuant to the CBA, that she would be expected to return to work on November 14, and that she would have five days of leave remaining. On November 16, 2009, Ms. Jones' physician requested additional leave on behalf of Ms. Jones through December 15, 2009. By letter dated November 6, 2009, Sharp informed Ms. Jones that leave under the FMLA and the CBA would be exhausted as of November 18, 2009, and that she "must return to work on November 19, 2009 or [her] employment . . . may end." Ms. Jones did not return to work and Sharp terminated her employment on November 24, 2009.

On November 23, 2010, Ms. Jones filed an action in the Circuit Court for Shelby County, alleging retaliation and interference in violation of the Family and Medical Leave Act ("FMLA") and the Tennessee Disability Act ("TDA"). She did not pray for reinstatement but prayed for front pay and benefits until such time as she secured comparable employment; back pay and compensation for fringe benefits; compensatory damages for emotional pain and non-pecuniary loss; prejudgment interest; attorney's fees and costs. In December 2010, she removed the action to the United States District Court for the Western District of Tennessee, which entered summary judgment in favor of Sharp on Ms. Jones' FMLA claims and remanded her TDA claims to the circuit court in March 2013.

In April 2013, Sharp moved for summary judgment based, in relevant part, on the ground that it was entitled to judgment as a matter of law where Ms. Jones based her TDA claim on Sharp's failure to provide her "reasonable accommodation" in the form of a leave of absence in excess of the 12 weeks of leave provided by the FMLA and the additional 56

days of leave provided under the CBA. Sharp asserted that the Ms. Jones admitted and the district court specifically found that Ms. Jones required the reasonable accommodation of leave until December 15, 2009, and that the TDA does not include a reasonable accommodation requirement. Sharp further asserted that Ms. Jones did not have a disability under the TDA where she was not diagnosed with bi-polar disorder until November 2009, where she had not been treated for the condition since December 2009, and where she testified that she had experienced no problems since the beginning of 2010. Sharp also asserted that Ms. Jones could not show that she was terminated solely because of her disability and that Sharp did not know that Ms. Jones' had bi-polar disorder when it terminated her employment. By order entered July 10, 2013, the trial court granted Sharp's motion for summary judgment and this appeal ensued.

## Issue Presented

Ms. Jones presents the following issue for our review, as worded by her:

Whether the Circuit Court erred by ruling that Ms. Jones was not entitled to accommodation and there was no question of fact whether or not Defendant violated the Tennessee Disability Act.

## Standard of Review

The standard of review promulgated by the supreme court in *Hannan v. Alltel*, 270 S.W.3d 1 (Tenn. 2008) and *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76 (Tenn. 2008) is applicable to this matter where Ms. Jones filed her complaint prior to July 1, 2011. We review a trial court's award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Norfolk S. Ry. Co.,* 271 S.W.3d at 84 (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.); *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993)). The nonmoving party's "burden to produce either supporting affidavits or discovery materials is not triggered" if the party moving for summary judgment fails to make this showing, and the motion for summary judgment must be denied. *Id.* (quoting *McCarley,*

960 S.W.2d at 588*; accord Staples,* 15 S.W.3d at 88). The moving party may carry its burden by "(1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." *Id.* (citing *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 5 (Tenn. 2008)); *see also McCarley,* 960 S.W.2d at 588*; Byrd,* 847 S.W.2d at 215 n. 5). Additionally, a mere "assertion that the nonmoving party has no evidence" will not suffice. *Id.* at 84 (citing *Byrd,* 847 S.W.2d at 215). "[E]vidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Id.* (citing *McCarley,* 960 S.W.2d at 588). Rather, "[t]he moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citing *Hannan,* 270 S.W.3d at 5). In order to negate an essential element, "the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." *Id.* at 84 (citing *see Blair v. W. Town Mall,* 130 S.W.3d 761, 768 (Tenn.2004)). The motion for summary judgment must be denied if the moving party does not make the required showing. *Id.* (citing *Byrd*, 847 S.W.2d at 215).

After the moving party has made a properly supported motion, the nonmoving party must "produce evidence of specific facts establishing that genuine issues of material fact exist." *Id.* (citing *McCarley,* 960 S.W.2d at 588*; Byrd*, 847 S.W.2d at 215). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.02 of the Tennessee Rules of Civil Procedure. *Id.* (citing *McCarley,* 960 S.W.2d at 588*; accord Byrd,* 847 S.W.2d at 215 n. 6). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citing *McCarley,* 960 S.W.2d at 588). "'A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(quoting *Byrd,* 847 S.W.2d at 215). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Id.* With this standard in mind, we turn to whether the trial court erred in awarding summary judgment to Sharp in this case.

### *Discussion*

The TDA provides, in pertinent part:

There shall be no discrimination in the hiring, firing and other terms and

conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved.

Tenn. Code. Ann. § 8-50-103(b)( 2011). To succeed on a claim under the TDA, a plaintiff must demonstrate "(1) that the individual was qualified for the position; (2) that the individual was disabled; and (3) that the individual suffered an adverse employment action because of that disability." *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000). Although the TDA does not define the term "disabled," the definition contained in the Tennessee Human Rights Act ("THRA") is applicable to TDA claims. *Id.* at 706 (citation omitted). The THRA defines disability with respect to a person as:

(i) A physical or mental impairment that substantially limits one (1) or more
of such person's major life activities;
(ii) A record of having such an impairment; or
(iii) Being regarded as having such an impairment[.]

Tenn. Code Ann. § 4–21–102(3)(A)(2011 & 2013 Supp.). Unlike its federal counterpart, the Americans with Disabilities Act ("ADA"), the TDA does not impose a duty on employers to make reasonable accommodations to accommodate a disabled employee. *Bennett v. Nissan North America, Inc.*, 315 S.W.3d 832, 841-42 (Tenn. Ct. App. 2009)(citation omitted). Thus, if a person's disability "to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved[,]" a defendant employer will not be considered to have discriminated against that person in an action under the TDA. *Id.* at 852 (quoting Tenn. Code Ann. § 8-5-103(b)).

Ms. Jones acknowledges that the TDA does not contain a reasonable accommodation requirement. She also acknowledges that she had exhausted all leave time available to her under the FMLA and the CBA and that she was unable to return to work when her employment was terminated in November 2009. She argues, however, that the trial court erred by awarding summary judgment in favor of Sharp because a jury could determine that Sharp's decision was motivated by her disability and not by her inability to perform her work without additional leave time.

The trial court comprehensively reviewed the applicable law, procedural history, and undisputed facts of this case in its July 2013 order. The trial court stated:

[Ms. Jones] admits that she needed a reasonable accommodation to perform her job at Sharp. She admits she was unable to work from September 20 until December 15, 2009. The District Court found these facts to be undisputed. [Ms. Jones] also admits that attendance, being at work, is a function of her job at Sharp. The TDA states that an employer cannot discriminate against an employee with a disability "unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." T.C.A. § 8-50-104(b). [Ms. Jones'] condition certainly prevented her from performing her job duties at Sharp. Based on the statute itself, [Ms. Jones'] admission negates an essential element of her claim – that she could [] perform her job as required. As such, this Court should "end its inquiry" into [Ms. Jones'] TDA claim and grant Sharp summary judgment.

As we noted in *Bennet*, summary judgment in favor of a defendant employer in an action under the TDA is appropriate if the employer affirmatively negates one of the three required elements. *Bennet*, 315 S.W.3d at 852. In this case, it is undisputed that Ms. Jones' disability prevented her from performing her duties absent an accommodation by Sharp in the form of additional leave time. We agree with the trial court that, under the undisputed facts, summary judgment in favor of Sharp was appropriate in this case.

Ms. Jones alternatively argues that Tennessee should adopt a reasonable accommodation component comparable to that provided by the ADA. She asserts that she "would no doubt be entitled to a remand in this case" if the TDA included such a requirement. We have long-recognized that the TDA does not contain a reasonable accommodation requirement. In *Pruett v. Wal-Mart Stores, Inc.*, we stated:

> [u]nlike its federal counterpart, the portion of the THRA that prohibits discrimination on the basis of disability does not require employers to provide disabled workers with reasonable accommodations.

*Pruett v. Wal-Mart Stores, Inc.*, No 02A01-9610-CH-00266, 1997 WL 729260, at *13 (Tenn. Ct. App. Nov. 25, 1997). Whether Tennessee should adopt a reasonable accommodation requirement comparable to that contained in the ADA is a matter to be determined by the General Assembly.

### *Holding*

In light of the foregoing, summary judgment in favor of Sharp is affirmed. Costs on appeal are taxed to the Appellant, Lataynia Jones, and her surety, for which execution may

issue if necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

 

 

_____
DAVID R. FARMER, JUDGE